IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS L. TURNER,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            ) Civil Action No. 05-314J
                                    )
JO ANNE B. BARNHART,                )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ___11___ day of September, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991).   These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for SSI on August 5, 2003, alleging disability beginning August 1, 1999, due to bipolar disorder and problems with his feet.  Plaintiff's application was denied.  At plaintiff's request, an ALJ held a hearing on October 19, 2004, at which plaintiff appeared represented by counsel.  On April 28, 2005, the ALJ issued a decision finding that plaintiff is not disabled.  On June 7, 2005, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  The instant action followed.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c).  Plaintiff has a high school education through a general equivalency degree.  Plaintiff has past relevant work experience as a cleaner, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of bipolar disorder, that impairment does not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level with a non-exertional restriction that he is limited to simple, one to two step tasks (collectively, the "RFC Finding"). Based on vocational expert testimony, the ALJ determined that plaintiff's past relevant work as a cleaner does not require the performance of work activity precluded by the RFC Finding. Thus, the ALJ concluded that plaintiff's impairment does not prevent him from performing his past relevant work, and therefore he is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy

...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 4 of the sequential evaluation process. At step 4, the Commissioner must determine whether plaintiff's residual functional capacity permits him to perform any of his past relevant work. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to

consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.   20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 4 finding on two grounds, neither of which the court finds persuasive.  Plaintiff contends that the ALJ did not give proper weight to the consulting psychological examiner's opinion of his functional capacity. Plaintiff also alleges that the ALJ gave undue weight to the opinion of the state agency psychologist concerning his ability to perform mental work-related functions.    Each of plaintiff's arguments will be addressed in turn.

Plaintiff first argues that the ALJ did not give proper weight to the functional capacity evaluation completed by Dr. Raymond Francis, who performed a psychological consultative examination of plaintiff.  Plaintiff asserts that Dr. Francis' opinion should have been given controlling weight because the ALJ did not cite other evidence to contradict it.  Plaintiff believes the ALJ substituted his own lay opinion instead of properly evaluating Dr. Francis' opinion.

Dr. Francis rated plaintiff's ability to perform the mental demands of work.  According to Dr. Francis, plaintiff had only slight limitations in understanding, remembering and carrying out short, simple instructions, and moderate limitations in performing detailed instructions and making judgments on simple work-related decisions.   (R. 181).  Dr. Francis rated plaintiff as having marked limitations in the areas of interacting with the public,

supervisors and co-workers, responding to work pressures and responding to work place changes.[1]   (R. 181).

The ALJ thoroughly discussed Dr. Francis' findings in his decision, and explained that his opinion of plaintiff's capabilities is inconsistent with other evidence of record, including the state agency psychologist's assessment, plaintiff's self-reported activities and the treatment notes of Dr. Turkin, who is plaintiff's treating psychologist.   (R. 14-16).   Contrary to plaintiff's position, the ALJ properly assessed Dr. Francis' opinion.   The ALJ explained his reasoning why more weight was not accorded to Dr. Francis' findings by pointing to their inconsistency with the other evidence in the record noted herein. See 20 C.F.R. §416.927(d)(4) (stating that the more consistent an opinion is with the record as a whole, the more weight it will be given).[2]

Plaintiff's second argument is that the ALJ gave undue weight to the opinion of Dr. Paul Perch, the state agency psychologist, who completed a mental residual functional capacity assessment of

---

[1]The court notes that the medical source statement completed by Dr. Francis defines a "marked" limitation as one in which the ability to function is severely limited but not precluded.   (R. 180).

[2]With regard to plaintiff's assertion that the ALJ did not discuss some of the factors set forth in 20 C.F.R. §416.927 in evaluating Dr. Francis' opinion, such as specialization and treating or examining relationship, that assertion does not advance plaintiff's position.   While Dr. Francis specializes in psychology, as a consultative examiner, he examined plaintiff one time.   Dr. Francis did not have a treating relationship with plaintiff, therefore he could not provide first hand insight on plaintiff's condition over a period of time.

plaintiff's mental capabilities for work-related activities. Dr. Perch evaluated and rated plaintiff's ability to understand, remember, concentrate, adapt and interact with others in various work related areas. Dr. Perch rated plaintiff as being not significantly limited or only moderately limited in all 20 areas listed. (R. 197-98).

Plaintiff incorrectly contends that Dr. Perch's assessment did not deserve any weight because he is not an acceptable medical source. As forth in 20 C.F.R. §416.913(a)(2), a licensed psychologist is an "acceptable medical source". However, plaintiff now challenges Dr. Perch's credentials, that is, whether he is a qualified psychologist, an issue that was not raised with the ALJ at the hearing or at any time thereafter.

One must be a qualified psychologist in order to perform the duties of a psychological consultant in assisting with the evaluation of social security claims. 20 C.F.R. §416.1016(e). To be considered qualified, a psychologist must meet the following criteria: (1) be licensed or certified as a psychologist at the independent practice level of psychology by the state in which he practices; and (2) possess a doctorate degree in psychology or be listed in a national register of health service providers in psychology which the Commissioner of Social Security deems appropriate; and (3) possess 2 years of supervised clinical experience as a psychologist in health service. 20 C.F.R. §416.1016(e)(1)-(3).

According to Dr. Perch's curriculum vitae attached as an

AO 72
(Rev. 8/82)

exhibit to the Commissioner's brief (Document No. 11), Dr. Perch meets these requirements. Dr. Perch has been licensed to practice psychology in Pennsylvania since 1973, he is certified by the National Register of Health Service Providers in Psychology, and he has over 30 years of clinical experience. In addition, since 1986, Dr. Perch has been a psychological consultant for the Social Security Administration, which requires him to provide psychiatric case review in accordance with the SSA's regulations and policies to assist in determining whether claimants are eligible for benefits. Therefore, Dr. Perch is a qualified psychologist and an acceptable medical source under the Regulations.

Pursuant to the Regulations, state agency psychologists, such as Dr. Perch, are considered to be highly qualified psychologists who are experts in Social Security disability evaluation. 20 C.F.R. §416.927(f)(2)(i). Therefore, an ALJ must consider findings by a state agency psychologist as opinion evidence and evaluate the findings as he would other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(i), (ii). Here, the ALJ discussed Dr. Perch's findings and determined that his assessment of plaintiff's capabilities is consistent with Dr. Turkin's treatment records. (R. 15-16). Accordingly, the ALJ properly evaluated and weighed Dr. Perch's opinion of plaintiff's capabilities.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

substantial  evidence  and  are  not  otherwise  erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc:  Charles T. Pankow, Esq.
     955 Liberty Avenue
     Pittsburgh, PA 15222

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901